HEARD NOVEMBER TERM, 1875.

## WALKER vs. VENO.

Where an infant defendant eight years of age appears by guardian *ad litem*, appointed by the Court, it is not necessary to the validity of the judgment that he should have been served with process; and this rule applies to a proceeding for partition, under the Act of 1839, before the late Courts of Ordinary.

### BEFORE MAHER, J., AT AIKEN, MAY, 1875.

Action by N. G. W. Walker and Charles Peckman against Frank Veno and Peter James to recover the possession of a tract of land.

The facts were as follows: John Veno was seized in fee simple at the time of his death of the tract of land the subject matter of action. He died intestate in October, 1848, leaving as his heirs at law his widow and four infant children. The defendant, Frank Veno, the youngest of the children, was born in the February after the death of his father. In October, 1857, the widow commenced proceedings, by petition in the Court of Ordinary for Barnwell District, against the children, all of whom were still minors, for partition of the said tract of land. The usual affidavits as to what real estate the intestate owned, and as to its value, were made, a summons issued, and a return thereon made by the Sheriff, stating that he had served the defendants with the summons by leaving a copy thereof at their residence. Henry T. Johnson was appointed by the Ordinary guardian *ad litem* of the children. He accepted the appointment in writing, and also by writing signed by him acknowledged legal service of the summons, and, as guardian *ad litem*, consented to a sale of the land.

The Ordinary made a decree, bearing date the 4th December, 1857, directing the land to be sold by the Sheriff for partition. The sale was made in January, 1858, at the price of $235, and Henry Wessels was the purchaser. He complied with the terms of sale and obtained a conveyance of the land. The plaintiffs proved title under him.

The defendants were in possession, Frank Veno as landlord, and Peter James as his tenant.

At the close of the plaintiffs' case, the defendants moved for a nonsuit, on the ground that the Ordinary had no jurisdiction to make the decree for sale, as the defendants in the proceedings before him had not been legally served with the summons.

The motion was denied, and, a verdict having been rendered for the plaintiffs and judgment entered thereon, the defendants appealed to this Court.

*Croft*, for appellants:

Upon the facts, it is to be determined whether the Ordinary's Court at Barnwell had acquired jurisdiction of the infant defendant, Frank Veno, so that he is bound by the proceedings of said Court, instituted for the partition of the lands of John Veno, deceased.

If Frank Veno was properly before the Court, then he is bound by its proceedings; but if he was not legally made a party to these proceedings, then the Court had never acquired jurisdiction as to him, and he is not bound by its proceedings.

Section 26 of the "Act concerning the office and duties of Ordinaries" (11 Stat., 44,) empowered the Ordinary to divide or sell the real estate of deceased persons' estates, when said real estate shall not exceed one thousand dollars in value.

Section 27 of the same Act, after prescribing the form of the summons in such cases, says: "Which summons shall be served upon those interested, and they shall be made parties, in like manner as is hereinbefore prescribed respecting the method of making parties to the proceedings of proving a will in solemn form." And Section 11 of said Act prescribes that when a will is to be proved in due form of law, all persons interested, etc., * * * shall be cited "by personal notice to such as are within the State."

The Court of Ordinary is a Court of limited jurisdiction. "It must show upon the face of its proceedings that it has jurisdiction or its proceedings will be void."—*State* vs. *Fillebrown*, 2 S. C., 407.

If the proceedings of the Court are in any other manner than are authorized in the Act conferring the jurisdiction, it is without authority and null and void.

"When the summons in an action is not legally served, the Court has no jurisdiction of the defendant, and all proceedings based upon the pretended service are void."—Voorhies' Code, 133, note 6.

Infants are not bound unless parties to the action.—*Sollee* vs. *Croft*, 7 Rich. Eq., 43; *Bailey* vs. *Boyce*, 5 Rich. Eq., 197; *Howe* vs. *Falconer*, 4 DeS. Eq., 86; *Moore* vs. *Hood*, 11 Rich. Eq., 324; Story Eq., 208.

The case of *Bulow* vs. *Witte* (3 S. C., 308,) is not against the position of the appellants. At page 820, the Court say : " If the Court *had jurisdiction* over the subject matter, and the parties and all who were to be affected by its judgment were before it as parties, then its order is legal, binding and final." The only question then decided was that from the circumstances of the case the infants were parties. How or by what means they were to be made parties generally, was not determined.—322.

The titles of the purchaser at judicial sales are good only so far as they operate on the title of parties to the proceedings.—323. But, at most, *Bulow* vs. *Witte* is confined to the practice of the old Courts of Equity, which Court had a general jurisdiction over infants and their rights, and what is said there has no applicability to the proceedings in the Ordinary's Court, where the jurisdiction, proceedings and practice is defined by a special statute.

*Finley & Henderson,* contra :

The requirements of the Act entitled "An Act concerning the office and duty of Ordinary" (A. A. 1839, 39,) were fully carried out.

Section 27 of said Act gives the Ordinary power in proceedings like this to appoint a guardian *ad litem* in the case of minors.

According to the adjudicated cases, the proceedings transferred the title of the minor.

His mother, his guardian by nature, was the petitioner. The Court itself, of its own motion, would look to his rights, and, having appointed a guardian *ad litem* for him, he became the ward of the Court. The Ordinary was exercising an equitable jurisdiction given him by statute, and his action can be tested by the adjudicated cases as to the action of Commissioners in Equity in similar proceedings.

" The jurisdiction of the Court of Equity to dispose of the real estate of infants and other persons under disability has been too long exercised to be now questioned ; and a conveyance or mortgage executed by the Master in pursuance of the order of the Court, which was intended to operate on the title of infants, is binding *on them* if they are parties to or *represented in* the proceeding in which the order was made."—*Bank* vs. *Spencer*, Bail. Eq., 468.

We rest our position especially upon the case of *Bulow* vs. *Witte*, (3 S. C., 308.) The facts of that case are very similar to this. Chief Justice Moses, speaking for the Court, on pages 321 and 322, says: "What is the object to be secured by assigning a guardian *ad litem* to infants interested in a matter before the Court? It is identical with that to be accomplished by the service of a subpœna on an infant in the nurse's arms. It is to attract the attention of its friends, that a due regard may be had to its rights, and that the mind of the Court may be directed to them." "Is this end in any way more effectually attained by the filing of a formal answer on the part of the guardian *ad litem* than by bringing to the notice of the Court the facts upon which its judgment is to be exercised in disposing of the rights and interests of the infants involved in the matter before it?" Again: "Whenever the rights of others are sought to be enforced against an infant by a judicial proceeding, the Court first attempts to secure him full means of defense by the appointment of a guardian *ad litem*, who occupies the same relation (if not a more immediate and direct one) to the infant as the *prochien ami* does who is appointed to protect the interests of a minor seeking redress against others for a violation of his rights."

January 25, 1876. The opinion of the Court was delivered by

Moses, C. J. That no one is bound by a judgment in a proceeding to which he has not been made party in due form of law cannot be disputed. It may be conceded, too, that when a new jurisdiction is conferred by statute on an inferior Court, its action under it will be void unless it appears to be in conformity with the conditions prescribed for the exercise of such jurisdiction.

By Section 27 of the Act of 1839, (11 Stat., 44,) the Ordinary was authorized to make sale or division of the real estate of a deceased leaving a last will or dying intestate, provided it did not exceed in value the sum of $1,000, except in the case of a will otherwise directing. The form of the summons is given, and it is "to be served on those interested and they shall be made parties as hereinbefore prescribed respecting the method of making parties to the proceedings of proving a will in solemn form," which, by Section 11 of the same Act, was "by personal notice to those within the State." The said Section 37 provides "that in case there are minors interested, the Ordinaries respectively shall have full power

and authority to appoint a guardian or guardians *ad litem* in each case."

The purpose of the summons is to bring the parties into Court,—in the case of the minor that his rights may be guarded and protected by the officer who is to pass upon them, and in the case of the adult that he should have notice of the proceedings in which his interests are involved, so that he may appear or allow judgment by default to be entered against him, as he might determine for himself.

In the proceeding now under review, not only was a guardian *ad litem* appointed for the infants interested, including Frank Veno, but the record shows that he accepted ; and although his written acceptance of legal services and consent to the sale of themselves could not bind the infant, they are confirmatory of the fact, not only that he was recognized by the Ordinary as before the Court, but that a head was provided to think for him and a tongue to speak in his behalf. If there were any talismanic effects to be produced on a child of eight years (that being the age of Frank Veno at the time) by the personal service of a paper, the purport of which was beyond his comprehension, we might possibly be inclined to hold that, in the absence of proof of such a ceremony, no judgment could avail against him. The mere service of a summons, not followed by the appointment of a guardian *ad litem*, could not have bound the infant. The summons, then, is not the efficient medium through which he is made a party in the case in which his name appears as a defendant. His security is in the appointment and acceptance of a guardian *ad litem*, whose duty it is to bring his interests to the view of the Court, that, being known, they may be protected. Nor should the Court act until the rights of the infant are so submitted.

The provision made in the same Section of the Act in regard to the course to be pursued where " minors are interested" would seem to qualify the character of the required service, so far as related to them. The petition itself brought to the notice of the Ordinary the fact that the distributees entitled with the mother were all infants, and he resorted to the only order within his competency for the security of their rights in the matter on which he was to pass judgment. The reasons upon which we based our conclusion in *Bulow* vs. *Witte*, (3 S. C. R., 308,) apply in full force to the case in hand.

The motion is dismissed.

*Wright, A. J.,* and *Willard, A. J.,* concurred.